UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT ELLIS BALLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-860 CAS |
| ) | |
| ALEXIS NICOLE BENDICKSON, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This removed matter is before the Court on plaintiff Robert Ellis Balling's motion to remand this action to the Circuit Court for the County of St. Louis, Missouri. For the following reasons, the Court concludes that plaintiff's motion to remand should be granted.

**Background**

This action arises out of a collision between plaintiff Robert Ellis Balling, who was driving a motorcycle, and defendant Alexis Nicole Bendickson, who was driving a car. Plaintiff was seriously injured in the accident, and his damages exceed $250,000.00. Defendant Bendickson had an insurance policy through Mid-Century Insurance Company, with bodily injury policy limits in the amount of $50,000.00. Plaintiff had two insurance policies issued by defendant Farmers Insurance Company, Inc. ("Farmers"), which included two separate underinsured motorist coverage provisions, each with a $100,000.00 per person and $100,000.00 per accident policy limit.

On January 31, 2011, plaintiff sued defendant Bendickson in the Circuit Court of St. Louis County, Missouri for personal injuries arising out of the collision. On October 10, 2011, plaintiff and defendant entered into a settlement pursuant to Missouri Revised Statute § 537.065. Plaintiff agreed that in the event he obtained a judgment against defendant Bendickson, he would seek to

collect that judgment only against her insurance policy through Mid-Century Insurance Company. In other words, defendant Bendickson would not be personally responsible for paying any judgment entered against her; plaintiff would seek only her $50,000.00 in insurance coverage.

Plaintiff then sought underinsured motorist benefits from Farmers under both his insurance policies. Farmers stated that it would pay underinsurance motorist benefits under only one policy, in the amount of $100,000.00. It would not stack the underinsurance motorist benefits under the two policies.

After Farmers refused to stack the underinsurance benefits, plaintiff amended his petition in state court to add Farmers as a defendant. He alleged six counts: negligence against Alexis Bendickson (Count I); negligence per se against Alexis Bendickson (Count II); breach of contract against Farmers (Count III); vexatious refusal to settle against Farmers (Count IV); fraud against Farmers (Count V); and breach of contract against Farmers, seeking punitive damages (Count VI).

On May 14, 2012, defendant Farmers removed the action to this Court. In its notice of removal, Farmers states that this Court has jurisdiction under 28 U.S.C. § 1332 because plaintiff and Farmers are citizens of different states and the amount in controversy exceeds $75,000.00. Although Farmers acknowledges that plaintiff and defendant Bendickson are both citizens of Missouri, it contends diversity jurisdiction exists because defendant Bendickson is merely a nominal defendant. Farmers states that nominal defendants need not join in the removal notice and need not be considered for purposes of the diversity of the parties. Farmers points to the settlement entered into between plaintiff and defendant Bendickson pursuant to Missouri Revised Statute § 537.065 as evidence that defendant Bendickson has no stake in this action.

Plaintiff counters that defendant Bendickson is not a nominal defendant, but rather necessary and indispensable to this action. Plaintiff moves to remand this action to the St. Louis County Circuit Court.

**Discussion**

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998).

As stated above, plaintiff moves to remand this case to state court on the basis that he and Bendickson are both citizens of the State of Missouri, and therefore diversity jurisdiction does not exist. Farmers points to Bendickson's § 537.065 agreement with plaintiff, and argues Bendickson's citizenship should be disregarded for removal purposes because she is a nominal party with no interest in this litigation.

"[N]ominal defendants, those against whom no real relief is sought, need not join in the petition" for removal. Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002) (internal quotations omitted). This Court has stated that "most lower federal courts have limited the 'exception' for formal or nominal party defendants to situations in which it is clear that the defendant is not a necessary or an indispensable party as a matter of law, the party has nothing at stake in the litigation, and no real, present claim for relief is being sought against the party." Maryville Data Sys., Inc. v. Holman, 2005 WL 3416470, *2 (E.D. Mo. Dec. 13, 2005) (quoting Fisher v. Dakota Cmty. Bank, 405 F. Supp.2d 1089, 1095 (D.N.D. 2005)). "Whether a defendant

is a nominal party depends on the facts of each case, and the determination typically hinges on whether the defendant's role in the lawsuit is that of a depository or stakeholder." 16 Moore's Federal Practice, § 107.11[1][d]; see also Black's Law Dictionary (7th ed. 1999) ("nominal party. A party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects. An example is the disinterested stakeholder in a garnishment action.")

For support of its argument that Bendickson is merely a nominal party, Farmers cites Kidd v. Gilfilen, 170 F. Supp. 2d 649 (S.D. W. Va. 2001). In Kidd, the court found that an uninsured tortfeasor defendant who had not appeared in the action and was likely judgment proof was merely a nominal party, and that the true action was between plaintiff and her insurer. Id. at 651-52. The Kidd court found that because the uninsured defendant had not appeared, she "apparently does not intend to exercise any control or engage in any decision making in the case." Id. The court disregarded the non-diverse citizenship of the uninsured defendant, and exercised diversity jurisdiction.

This Court finds the Kidd decision unpersuasive. First, defendant Bendickson has appeared in the state court action. She is represented by competent counsel, and by entering into the agreement with plaintiff, substantial decision making has already occurred. More importantly, however, the Kidd court noted that its decision was not entirely supported by the case law. In a footnote, the Kidd court noted several "decisions to the contrary" of its own, and attempted to distinguish them. Id. at 652 n.2. The court stressed that "it [was] not establishing a bright-line rule for all future cases," noting that it was "conceivable . . . that the uninsured motorist might retain counsel and demonstrate the requisite stake and control to qualify as the real party in interest." Id.

Similarly, the Court finds unpersuasive the second case cited by Farmers, Saylab v. Harford Mut. Ins. Co., 271 F. Supp. 2d 112 (D.D.C. 2003). In Saylab, the district court realigned the parties "according to their 'attitude towards the actual and substantial controversy.'" Id. at 116 (quoting City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 75 (1941)). It found that the tortfeasor defendant was a nominal defendant only, whose interests should be aligned with plaintiffs. The court found that the "real controversy" was whether any of the defendant insurance companies should indemnify and defend the tortfeasor defendant. For practical purposes, the plaintiff and the tortfeasor defendant were on the same side; they were both trying to get insurance coverage for plaintiffs' injuries through the tortfeasor's insurer.

Here, the real controversy is not between the Bendickson and her insurer. Nor is it between Bendickson and Farmers. The real controversy is whether defendant Bendickson is liable to plaintiff for the collision, and if so, whether plaintiff can stack his underinsurance motorist benefits provided in his Farmers' policies. As to this controversy, Bendickson is not a nominal defendant only, regardless of her § 537.065 agreement. Bendickson has not entered into a consent judgment, and liability has not been determined. This Court has refused to realign parties for diversity jurisdiction purposes under similar facts. See Dobbs v. National Cas. Co., 2011 WL 768400 (E.D. Mo. Feb. 28, 2011) (finding tortfeasor defendant's interest not aligned with plaintiff's interest for purposes of diversity jurisdiction despite § 537.065 agreement between tortfeasor and plaintiff).

Farmers is incorrect in its assertion that Bendickson "agreed not to contest liability." Opp'n at 3. Nowhere in the agreement between plaintiff and Bendickson is there any admission of liability. In fact, the agreement is conditioned upon plaintiff obtaining judgment against Bendickson, which is phrased as a hypothetical: "[I]n the event [plaintiff] obtains a judgment or judgments against

[Bendickson] in the Balling case . . . plaintiff will [not] levy execution by garnishment . . . except as against the insurance policy . . . ." Pl. Reply, Ex. 1, Contract Settlement and Agreement Pursuant to Section 537.065 ("Agreement") ¶ 1. While Bendickson agreed to file no motions or additional pleadings in the case, and to waive a jury trial, plaintiff would only take judgment against Bendickson "should the Trial Court so find from the evidence." Id. at ¶ 3.

The essence of the § 537.065 agreement between plaintiff and Bendickson is to limit recovery to a specified amount to be paid from Bendickson's insurance policy. There has been no liability determination, and Bendickson has not entered into any consent judgment. Litigation continues against Bendickson, and her participation is ongoing and meaningful. Farmers has cited no controlling case law to support its assertion that a defendant tortfeasor is properly considered a nominal party merely because her insurer will foot the bill in the event judgment is entered against her. Bendickson has a stake in this litigation because plaintiff seeks a judgment against her— regardless of who pays it.

Because defendant Bendickson is not a nominal party, complete diversity of the parties does not exist. Accordingly, the Court does not have subject matter jurisdiction over the matter. Plaintiff's motion to remand will be granted. The Court will deny, however, plaintiff's request for costs and attorney fees.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Robert Ellis Balling's motion to remand the cause to the Circuit Court of St. Louis County, Missouri is **GRANTED**. [Doc. 4]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, Missouri under 28 U.S.C. § 1447(c).

An appropriate Order of Remand will accompany this Memorandum and Order.

                                                           /s/ Charles A. Shaw
                                                          **CHARLES A. SHAW**
                                                          **UNITED STATES DISTRICT JUDGE**

Dated this  27th  day of August, 2012.